UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALDEZ MICHAEL AUGUSTIN,

                                      Petitioner,                      Case # 19-CV-6154-FPG

v.

                                                                  DECISION AND ORDER

MATTHEW G. WHITAKER, et al

                                      Respondents,
_____

## INTRODUCTION

*Pro se* Petitioner Valdez Michael Augustin brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that he has been detained in immigration custody beyond the statutory removal period, which violates his constitutional rights, and he asks that the Court stay his removal. ECF No. 1. The parties have briefed the issues raised in this Petition. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is DENIED and DISMISSED.

## BACKGROUND

The following facts are taken from the record. Petitioner is a native and citizen of St. Lucia. He arrived in the United States at an unknown place on an unknown date. ECF No. 5-1 at 2. In March 2012, the government instituted removal proceedings against Petitioner, alleging that he was removable as a result of his conviction for a crime involving moral turpitude. *Id.* at 3. An immigration judge ordered Petitioner removed. The Board of Immigration Appeals dismissed Petitioner's appeal in September 2012. *Id.* Petitioner was placed in immigration custody in May 2013. *Id.*

Petitioner was not immediately removed, however, and was instead released on an Order of Supervision in March 2014. On April 12, 2018, Petitioner was arrested for failing to register as a sex offender. He was convicted in state court of Attempted Sex Offender Registry violation and was sentenced to a term of incarceration of 30 days. *Id.* at 5. On October 5, 2018, Petitioner was placed into immigration custody upon his release and efforts at removal were resumed. *Id.* On February 28, 2019, Petitioner filed this present action. ECF No. 1. On April 3, 2019, the government obtained a travel document from the St. Lucia Consulate so that Petitioner could be removed from the United States. The government alleges, and Petitioner does not dispute, that on April 17, 2019, Petitioner refused to board the plane from Miami to St. Lucia. *ECF* No. 5-1 at 7.

## DISCUSSION

Petitioner argues that his continued detention without a bond hearing violates his due process and Eighth Amendment rights. *See* ECF No. 1 at 8-9. He requests that the Court order the government to provide him with a bond hearing, release him, or grant him a stay of removal. *Id.* at 10.

Regarding Petitioner's continued detention, he is not entitled to relief. Under 8 U.S.C. § 1231, "aliens ordered removed shall be removed by the Attorney General within [a] 90-day 'removal period.'" *Turkmen v. Ashcroft,* 589 F.3d 543, 547 (2d Cir. 2009). "The government is required to detain an alien ordered removed until removal is effected, at least for the removal period." *Id.* If removal is not effectuated within the removal period, "the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

In addition, there is a "special statute [that] authorizes further detention if the Government fails to remove the alien" during the removal period. *Zadvydas v. Davis,* 533 U.S. 678, 682 (2001).

Specifically, 8 U.S.C. § 1231(a)(6) gives the government the discretion to detain certain categories of aliens:

> An alien ordered removed [1] who is inadmissible . . . [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision.

*Zadvydas,* 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)).

By its plain language, the statute does not appear to limit on the length of an alien's detention. But in *Zadvydas,* 533 U.S. 678 (2001), the Supreme Court interpreted § 1231(a)(6) narrowly to avoid the possible constitutional problems with indefinite detention. It read the statute to impose certain implicit limitations on the government's authority to detain aliens falling into those categories. The Supreme Court held that an alien could be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. This limitation is linked to the statute's "basic purpose," which is to "assur[e] the alien's presence at the moment of removal." *Id*. at 699.

The *Zadvydas* court also provided a framework under which habeas courts are to review claims challenging continued detention under § 1231(a)(6). The ultimate question for the habeas court is "whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* The presumptively reasonable period of detention is six months. *Id.* at 701. Once that period has passed, an alien bringing a claim bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the alien makes such a showing, "the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.*

3

Given his conviction for a crime involving moral turpitude, Petitioner falls within the ambit of § 1231(a)(6). *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1231(a)(6).

Petitioner has surmounted the first of *Zadvydas*'s hurdles, as it is undisputed that the six-month presumptively reasonable period has passed. *See Zadvydas,* 533 U.S. at 701. Indeed, Petitioner has been detained at the Buffalo Federal Detention Facility since October 5, 2018, more than eight months.

While Petitioner's claim passes this initial hurdle, it fails at the next. Petitioner will be unable to bear his burden of providing good reason to believe that "there is no significant likelihood that his removal will be executed in the reasonably foreseeable future." *Id.* This is because "the risk of indefinite detention that motivated the decision in *Zadvydas* does not exist when an alien is the cause of his own detention. 'An alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with [ICE's] efforts to remove him.'" *Ramon v. Lynch*, No. 15-CV-946 2016 U.S. Dist. LEXIS 10753, at *14-15 (W.D.N.Y. Jan. 28, 2016) quoting *Pelich v. INS*, 329 F.3d, 1057, 1061 (9th Cir. 2003).

Here, the only obstacle to the execution of Petitioner's removal is Petitioner himself. The government obtained an emergency passport from the St. Lucia Consulate and transported Petitioner to Miami so that he could board a flight to St. Lucia. Petitioner refused to do so. The only evidence before the Court demonstrates that Petitioner would already have been removed were it not for his own obstruction, so he cannot meet his burden of showing good reasons that there is no significant likelihood of removal in the reasonably foreseeable future. *See Moses v. Lynch*, No. 15-CV-4168, 2016 WL 2636352, at *2-3 (D. Minn. Apr. 12, 2016); *Ncube v. INS Dist. Directors & Agents,* No. 98 Civ.0282, 1998 WL 842349, at *16 (S.D.N.Y. Dec. 2, 1998) (holding alien past removal period not unconstitutional where alien was solely responsible for delay in

executing removal order). Petitioner provides no factual basis to support a conclusion that his removal will not be executed in the reasonably foreseeable future should he comply with removal efforts.

Therefore, Petitioner's continued detention without a hearing does not constitute a statutory violation under *Zadvydas* or a due process violation under the Constitution, and he is not entitled to relief.[2]

## CONCLUSION

For the foregoing reasons, the Petition (ECF No. 1) is DENIED and DISMISSED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 13, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[2] Petitioner's Eighth Amendment claim similarly fails. *See Sankara v. Barr,* No. 19-CV-174, 2019 WL 1922069, at *9 (W.D.N.Y. Apr. 30, 2019) (stating that, if the Excessive Bail clause applies to immigration detention, "there is little reason to believe that the [provision] might provide relief for mandatory detention that has become 'unreasonably prolonged' when the Due Process Clause does not"). Additionally, the Court can provide no relief based on Petitioner's request for a Stay of Removal. *McRae v. Session*, No. 16-CV-6489-FPG, 2018 WL 5960858, at *2 (W.D.N.Y. Nov. 14, 2018).